Opinion issued July 28, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00421-CV

_____

**LAJITA HOMES, LLC, Appellant**

**v.**

**LA MANCHA, LTD., THURMAN INVESTMENT PROPERTIES, INC., AMERICAN POINTE REALTY LTD., AND AMERICAN POINTE REALTY MANAGEMENT, LLC, Appellees**

On Appeal from County Court at Law No. 2
Waller County, Texas
Cause No. CV23-04-0744-A

## MEMORANDUM OPINION

This appeal arises from a final judgment merging two summary judgments and attorney's fees in a wrongful foreclosure suit. The debtor Lajita Homes ("Lajita") asserted wrongful foreclosure based on insufficient notice of the

foreclosure sale and the sale of all six lots in a group, resulting in a grossly inadequate price. The trial court granted summary judgment in favor of the lender, La Mancha, Ltd. and Thuman Investment Properties, Inc.; substitute trustee, Jerry Gardner; and successful bidder in the foreclosure sale, American Pointe Realty, Ltd. and American Pointe Realty Management, LLC ("the appellees").

Lajita contends genuine issues of material fact remain as to whether there was insufficient notice of the foreclosure sale and whether the foreclosure sale of all six lots as a group constitutes a foreclosure sale irregularity resulting in a grossly adequate sales price.

We reverse and remand.

## Background

Lajita purchased six unimproved lots from La Mancha, which retained a vendor's lien. Lajita executed a promissory note secured by a deed of trust. Lajita built houses on four of the lots and sold them, but La Mancha retained the vendor's lien. Lajita defaulted on the note, and La Mancha's general partner, Thuman Investment Properties, appointed a substitute trustee, Jerry Gardner, to secure payment of the note. Gardner exercised the power of sale under the deed of trust. At the foreclosure sale, Gardner conveyed all six properties together to the highest bidder, American Pointe Realty.

2

Lajita asserted a wrongful foreclosure claim against the appellees, requesting rescission and damages.

The appellees moved for traditional summary judgment, asserting the undisputed evidence proves as a matter of law that there was no defect in the foreclosure sale proceedings because (1) Gardner provided proper notice of the foreclosure sale under Texas law, and (2) the six lots sold corresponded to the property described in the deed of trust as securing the debt. The appellees also moved for no-evidence summary judgment, asserting that there was no evidence the required notices weren't sent, and no evidence there was any irregularity in the foreclosure sale.

The trial court granted the appellees' summary-judgment motions without explaining the basis for its ruling and merged its rulings into a final judgment granting La Mancha and Thurman Investment Properties their attorney's fees.

**Standard of Review**

"We review a trial court's order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *Community Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017) (cleaned up). Because the trial court did not specify the grounds on which it granted the summary-judgment

motions, we must affirm if any of the grounds alleged in the motions are meritorious. *Id.*

A no-evidence summary judgment shifts the burden to the nonmovant to produce evidence raising an issue of material facts regarding the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). "If the nonmovant fails to produce more than a scintilla of evidence on the essential elements of a cause of action challenged by a no-evidence motion, there is no need to analyze the movant's traditional grounds for summary judgment." *Hansen*, 525 S.W.3d at 680–81.

To prevail on a traditional motion for summary judgment, "the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* at 681. A defendant-movant must either disprove at least one necessary element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense. *Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 473 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Once the movant proves his right to judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a fact issue to defeat summary judgment. *Id.*

4

## Wrongful Foreclosure

To establish a claim for wrongful foreclosure, a plaintiff must prove the following: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Silver Gryphon, LLC v. Bank of New York Mellon*, 529 S.W.3d 595, 599 n.5 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Lajita contends that the appellees were not entitled to summary judgment because genuine issues of material fact remain regarding insufficient notice and group sale of the lots, resulting in a grossly inadequate selling price. Viewing the evidence in the light most favorable to Lajita, we conclude that the trial court erred in granting the summary judgments.

In Lajita's first issue, Lajita asserts that the summary-judgment evidence raised a genuine issue of material fact as to the alleged defect of insufficient notice in the foreclosure sale proceeding. As a prerequisite to conducting a valid foreclosure sale, Property Code section 51.002 requires the mortgage servicer to give notice of the sale by certified mail on each debtor at least 21 days before the date of sale. TEX. PROP. CODE § 51.002(b). The deed of trust for the properties explicitly stated that the trustee shall "give notice of the foreclosure sale as required by the Texas Property Code, as then amended . . . ." Service of notice is considered complete "when the notice is deposited in the United States mail, postage prepaid,

and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). "The purpose of the statute is to provide a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure." *Benitez v. Perales*, No. 01-00-00211-CV, 2002 WL 1981189, at \*4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.). The appellees assert that notice of foreclosure was properly served on Lajita.

The appellees presented the following evidence of compliance with the notice requirement: (1) the foreclosure deed containing recitals of compliance; (2) the substitute trustee's affidavit attached to and recorded with the foreclosure deed; (3) and the substitute trustee's later affidavit.

The foreclosure deed recites facts that, if true, describe proper service, and these recitals are prima facie evidence of timely service of notice of sale on the debtor and give rise to a presumption of validity of the sale. *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). But this evidence is not conclusive and may be rebutted. *Id.*; *Deposit Ins. Bridge Bank, N.A., Dallas v. McQueen*, 804 S.W.2d 264, 267 (Tex. App.—Houston [1st Dist.] 1991, no writ).

The substitute trustee's affidavit recorded with the foreclosure deed and his later affidavit also contained facts that, if true, show proper service. The trustee stated these facts were within his personal knowledge. These affidavits are also prima facie evidence of proper service. *See* TEX. PROP. CODE § 51.002(e) ("The

affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.").

To defeat the appellees' summary-judgment evidence showing compliance with the statutory notice provisions, Lajita had to overcome the appellees' prima facie evidence that notice had been deposited in the mail, by certified mail, postage prepaid, and addressed to Lajita. *See Adebo v. Litton Loan Serv., L.P.*, No. 01-07-00708-CV, 2008 WL 2209703, at *4 (Tex. App.—Houston [1st Dist.] May 29, 2008, no pet.) (mem. op.). While Lajita's mere denial of receipt would be insufficient to create a fact issue, especially in the face of the appellees' evidence that notices were properly mailed, Lajita presented more than its denial. Lajita also presented evidence of irregularities in mailing the alleged foreclosure notice. *See Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 735 n.7 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Specifically, the certified mail receipt corresponding to the notice showed that the receipt was prepared but does not show either that postage was paid or that the notice was mailed. Lajita's evidence also showed that the tracking information for the corresponding number on the certified mail receipt was not available even three, four, or seven months later.

The appellees contend that the postal service tracking information is legally insufficient to create a fact issue. They rely on a case from the Dallas Court of Appeals, *Hill v. Fremont Investment & Loan. See* No. 05-02-01438-CV, 2004 WL

1178607, at *3 (Tex. App.—Dallas May 28, 2004, no pet.) (mem. op.). But in *Hill*, the only evidence the debtor presented to show insufficient notice was a letter from the local post office's officer in charge explaining the post office's records showed that no record was available under the particular certified mail number. *Id.* The Dallas Court of Appeals agreed with the mortgagee that the letter was not proper summary judgment evidence because it was attached to the debtor's affidavit, and the debtor did not have personal knowledge of the facts asserted in the letter. *Id.* But here, the affiant had personal knowledge of the tracking information, which was documented in public records printed from the United States Postal Service website. *See Fort Bend Cent. Appraisal Dist. v. Am. Furniture Warehouse Co.*, 630 S.W.3d 530, 537 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Lajita's evidence also included the unstamped certified mail receipt and affidavits of non-receipt of the notice.

Viewing this evidence in the light most favorable to Lajita, it was sufficient to controvert the substitute trustee's sworn statement that he sent the notice prepaid and by certified mail as required, creating a fact issue regarding insufficient notice and defeating both the appellees' traditional and no-evidence summary judgment motions. Thus, we sustain Lajita's first issue.[1] Because a fact issue remains regarding

---

[1]    Because Lajita's first issue is dispositive, we need not address Lajita's second issue, which contends selling the lots together instead of individually was a defect supporting wrongful foreclosure. *See* TEX. R. APP. 47.1.

8

whether there was a defect in the foreclosure sale proceedings, we reverse the trial court's summary judgments on Lajita's wrongful foreclosure claim and the trial court's judgment granting La Mancha's and Thuman Investment Properties' attorney's fees.

## Conclusion

We hold that the trial court erred in granting the appellees' motions for summary judgment because a fact issue remains regarding whether a defect in the foreclosure sale proceedings occurred. We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

Clint Morgan
Justice

Panel consists of Justices Caughey, Guiney, and Morgan.